UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARLANDO HENSON,

           Petitioner,

   v.

UNITED STATES OF AMERICA,

           Respondent.

Case No. 06-cv-476-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Arlando Henson's ("Henson")[1] amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 13). The government responded to the motion (Doc. 20). The Court also considers Henson's motion for appointment of counsel (Doc. 4).

**I.      Motion to Appoint Counsel (Doc. 4)**

Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *Winsett*, 130 F.3d at 281 (citing *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain

---

[1] In Henson's criminal proceedings, his first name was spelled "Arlondo." The Court uses the spelling "Arlando" in this order because that is the spelling Henson used in his § 2255 petition. References to "Arlondo" and "Arlando" are intended to be to the same person, the defendant in criminal case number 05-cr-40045-JPG.

a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Id.* (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)).  The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district.

After reviewing Henson's petition, the Court finds that Henson is well able to articulate the contours of his arguments and obtain justice without an attorney and, further, that the absence of counsel will not result in an unfair proceeding impinging on Henson's due process rights.  In essence, the results would be no different had Henson had counsel.  Accordingly, the Court will deny Henson's motion for appointment of counsel (Doc. 4).

## II.    Background

In August 2005, Henson was indicted on one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Henson was represented at the trial level by Assistant Federal Public Defender Melissa Day ("Day").

In January 2006, Henson pled guilty to the charge without a plea agreement.  During the plea colloquy, the government set forth the evidence it would be able to produce at trial to show that Henson was a convicted felon who possessed the firearm listed in the indictment.  Essentially, the government would present testimony that Henson removed an item wrapped in a bed sheet from the residence of his step-father and placed the wrapped item in the trunk of a car.  It would also present testimony that Henson told Kyna Sanders ("Sanders") there was something under her bed and that she should not touch it.  The police discovered under Sanders's bed a firearm that had been reported stolen from Henson's step-father, wrapped in a bed sheet with Henson's fingerprint on it.[2]  After the government described the evidence it would present at trial, Henson admitted that

---

[2]The government also set forth evidence it would present to show that Henson was a convicted felon and that the firearm in question had traveled in interstate commerce.  That evidence is not relevant to the issues raised in the pending § 2255 motion.

he possessed the firearm and that he was guilty of the offense, although he did not agree with some of the specific details of the testimony the government was prepared to present. Day also indicated that Henson was admitting that he possessed the firearm in question but that he did not agree with everything every witness had said. The Court assessed that there had been no threats or promised made to Henson in order to induce him to plead guilty and that Henson was pleading guilty as his own free and voluntary act. It then found that there was a factual basis for Henson's guilty plea and accepted that plea.

Henson's Presentence Investigation Report's ("PSR") found that under United States Sentencing Guideline[3] ("U.S.S.G.") § 2K2.1(a)(4) his base offense level was 20, that under U.S.S.G. § 2K2.1(b)(4) he was subject to a two-level enhancement because the firearm he possessed was stolen, and that under U.S.S.G. § 3E1.1(a) and (b) he was entitled to a three-level reduction for acceptance of responsibility, yielding a total offense level of 19. The PSR further found that Henson's criminal history put him into category II and that his guidelines sentencing range was 33 to 41 months. This sentence fell within the statutory range of no more than ten years for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On May 4, 2006, the Court held a sentencing hearing at which Henson did not object to the PSR.[4] Day asked the Court to sentence Henson to the low end of the guideline range because his unlawful possession of the firearm was for a very short period of time. The Court adopted the PSR and sentenced Henson to serve 33 months in prison. Henson did not appeal his conviction.

Henson filed this timely § 2255 motion on June 19, 2006. After filing several supplements

---

[3]Unless otherwise noted, the references to the guidelines in this order are to the 2005 United States Sentencing Guidelines Manual.

[4]Henson's sentencing occurred after the Supreme Court made the sentencing guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005).

to his original motion, he filed an amended motion incorporating his supplemental arguments at the Court's direction on November 6, 2006.  In it, Henson asks the Court to vacate his conviction and sentence because (1) he was not in "immediate possession or control" of the firearm in question, (2) the firearm was recovered in another person's residence when Henson was not present, (3) Henson did not have sole possession of the firearm because he was not on the lease of the residence where the firearm was found, (4) there was no "substantial duration of possession" by Henson and (5) his attorney did not adequately investigate the facts of his case to discover the foregoing facts and instead encouraged him to plead guilty.

In response to Henson's arguments regarding his possession of the firearm in question, the government argues that he has waived those arguments by not raising them on direct appeal and failing to show cause for and prejudice from his failing to do so.  As to the substance of those arguments, the government argues that Henson's conviction is supported by his admission under oath at the plea hearing that he possessed the firearm, by the evidence showing that he had possession – actual, constructive, sole or joint – over the firearm and by his implicit admission in his § 2255 motion that he had possession of the firearm but for an insubstantial duration.  With respect to Henson's ineffective assistance of counsel argument, the government argues that Day's investigation into the facts and the law was excellent and well within the range of reasonably competent counsel.  The government has submitted an affidavit from Day regarding her and her office's work on Henson's case.

**III.    § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United*

4

*States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977);  *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000);  *Prewitt*, 83 F.3d at 816.  A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice.  *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

## IV.    Analysis

### A.    Procedural Default

The government argues that Henson has waived his arguments regarding whether he possessed the firearm in question by failing to raise them on direct appeal.  The Court agrees.  The issues Henson raises are not constitutional issues;  they merely go to the sufficiency of the evidence that he possessed the firearm.  Henson could have raised them in a direct appeal of his conviction but he did not.  Thus, he cannot raise those issues regardless of cause or prejudice.  *See Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000);  *United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992) (stating that a § 2255 motion cannot raise "nonconstitutional issues that could

have been but were not raised on direct appeal").

As to Henson's ineffective assistance of counsel arguments, the government is right to refrain from challenging them as procedurally defaulted.  The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum.  They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding.  *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Fountain v. United States*, 211 F.3d 429, 433-34 (7th Cir. 2000).  In addition, the district court before which the original criminal proceeding occurred is in the best position to initially make the determination about the effectiveness of counsel in a particular case and the potential prejudice that stemmed from that performance.  *Massaro*, 538 U.S. at 504-05.  For these reasons, Henson has not procedurally defaulted his ineffective assistance of counsel claims.

B.    <u>Ineffective Assistance of Counsel</u>

Henson has not presented any evidence or argument meriting either a hearing or relief under § 2255 on his Sixth Amendment ineffective assistance of counsel claims.  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).  The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices."  *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to

6

specific acts or omissions of his counsel.  *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)).  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance.  *Id.*  The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.  *Fountain*, 211 F.3d at 434.  The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).  To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Fountain*, 211 F.3d at 434;  *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."  *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).[5]

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970);

---

[5]In its response, the government urges the Court to apply the "fundamental fairness" prejudice test of *Lockhart v. Fretwell*, 506 U.S. 364 (1993).  However, in proceedings like the one at bar, *Strickland's* outcome determination prejudice test applies.  *Goodman v. Bertrand*, 467 F.3d 1022, 1027-28 (7th Cir. 2006) (citing *Washington v. Smith*, 219 F.3d 620, 632-33 (7th Cir. 2000));  *see Williams v. Taylor*, 529 U.S. 362, 393 (2000) (*Fretwell* does "not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him." (emphasis in original)).

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).  To satisfy the second *Strickland* prong, he must

show that there is a reasonable probability that, but for his counsel's deficient performance, he

would not have entered a guilty plea and instead would have gone to trial.  *Hill*, 474 U.S. at 58;

*Hays v. United States*, 397 F.3d 564, 568 (7th Cir.), *cert. denied*, 546 U.S. 936 (2005);  *Richardson*

*v. United States*, 379 F.3d 485, 487 (7th Cir. 2004).  To make such a showing, the petitioner must

present objective evidence that he would not have entered a guilty plea;  his own self-serving

testimony is not enough.  *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing

*Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)).

Henson has not pointed to any instance where counsel was constitutionally ineffective.

The Court addresses each of Henson's claimed instances of ineffective assistance of counsel in

turn.

## 1.   Failure to Investigate

First, Henson claims that Day did not perform an adequate investigation into the facts.  An

attorney has "a duty to make reasonable investigations or to make a reasonable decision that

makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691

(1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003)*; Adams v. Bertrand*, 453 F.3d 428,

436 (7th Cir. 2006).  An attorney does not have to investigate every conceivable line of mitigating

evidence as long as his decision not to investigate a particular line was reasonable from his

perspective at the time he made the decision to forego the investigation.  *Wiggins*, 539 U.S. at 521-

22;  *Adams*, 453 F.3d at 436;  *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002).  Strategic

choices to limit an investigation are reasonable if "reasonable professional judgments support the

limitations on investigation." *Strickland*, 466 U.S. at 690-91;  *accord Wiggins*, 539 U.S. at 521.

When a petitioner accuses his counsel of failing to investigate his case, in order to establish

prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See Hardamon*, 319 F.3d at 951.

In this case, Day performed an adequate investigation. The record demonstrates that Day and others in her office devoted nearly 66 hours of attorney time, meeting with Henson eight times and communicating with him numerous times by telephone and letter, and numerous hours of investigator time, including interviews of four witnesses and two inspections of the apartment complex where the firearm was found. They were aware that his alleged possession of the firearm was for a short duration and that the firearm was discovered in someone else's residence while Henson was not there. Furthermore, Day's affidavit states that Henson made clear to her in late 2005 or early 2006 that he intended to plead guilty to the charge, so she did not pursue additional investigation into the fingerprint evidence that could be used against Henson in a trial. The investigation she conducted and the decision to stop when Henson informed her he would admit to the charge were exercises of reasonable professional judgment.

Furthermore, Henson has not alleged what additional evidence Day would have discovered in a more extensive investigation that would have had a reasonable probability of leading her to change her recommendation that Henson plead guilty or of leading Henson to change his decision to plead guilty. "Whether a movant who pleaded guilty can establish prejudice from counsel's failure to investigate depends on whether the information that might have been discovered 'would have led counsel to change his recommendation as to the plea.'" *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In the absence of

such an allegation of what other information Day would have found to cause her to change her advice, Henson cannot establish prejudice from the failure to conduct a more extensive investigation.

2. <u>Presentation of Evidence</u>

Next, Henson claims that Day did not present all of the evidence to the Court that would have been beneficial to his case. This claim must suffer the same fate as Henson's failure to investigate claim, for when a § 2255 petitioner faults his attorney for failing to present evidence to the Court, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir.), *cert. denied*, 546 U.S. 899 (2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).

Henson does not allege any new evidence or facts Day could have presented to the Court to overcome his admission that he possessed the firearm in question. Instead, he apparently wanted her to argue that he did not have actual possession of the firearm when it was found at another person's residence and when he was in another state at the time. He also appears to want her to have argued that he was not the sole possessor of the firearm and that he did not have possession for a substantial length of time. Day did not present these arguments to the Court and did not advise Henson to pursue these arguments at a trial for good reason; they are not defenses to possession of a firearm. Defense counsel is not deficient for failing to make a frivolous or losing argument. *Fuller*, 398 F.3d at 652; *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). As the government points out, Henson's location at the time the firearm was discovered is irrelevant to whether he possessed it at the time charged in the indictment, and even a short duration of joint or constructive possession is enough to support a conviction. *See United States v. Morris*, 349

10

F.3d 1009, 1014 (7th Cir. 2003) (holding that for the purposes of conviction for possessing a firearm as a felon, possession can be actual or constructive, exclusive or joint); *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990).  Henson's fingerprint on the firearm and the testimony connecting him to the firearm would not in any way be contradicted by the arguments Henson wanted Day to make.  Day appropriately chose to advance these arguments at sentencing in support of a sentence at the low end of the guideline range as opposed to presenting them as defenses to the crime charged.  Day's performance was not sub-par, and there was no prejudice from it.

3.     Advice to Plead Guilty

Finally, Henson faults Day for advising him to plead guilty.  He alleges that she and her office told him that the odds were against him at trial and that if he did not plead guilty and was convicted at trial he would serve a longer sentence than if he pled guilty.  He believed this information unduly influenced his decision to plead guilty.

Henson has alleged nothing that would render deficient Day's advice to plead guilty.  An attorney has a professional duty to advise a defendant of the probable outcome of a trial.  It is perfectly proper for an attorney to advise a defendant to plead guilty when, in her professional judgment, the defendant is likely to be convicted and receive a longer sentence if he went to trial instead of pleading guilty.  *See United States v. Messino*, 55 F.3d 1241, 1251-52 (7th Cir. 1995).  In this case, the government had fingerprint evidence and testimony from at least two witnesses connecting Henson with the firearm, and Henson has pointed to nothing that would serve as a defense to the crime charged.  It was well within the realm of reasonably competent assistance to draw the conclusion in light of the available evidence that a jury was likely to find the defendant guilty of the charge.  It was also accurate and a fulfillment of Day's professional duties to inform

11

Henson that he would receive a longer sentence if he was convicted by a jury instead of by a guilty plea.

To the extent that Henson believes he was unduly pressured to plead guilty by any outside influence, the Court carefully questioned Henson in his plea colloquy to ensure that he was pleading guilty as his own free and voluntary act and that no threats or promises had been made to him to induce him to plead guilty. Henson has not succeeded in convincing the Court that it should ignore his own statements given under oath at the plea colloquy. A presumption of verity attaches to statements a defendant makes under oath during a plea colloquy. *See United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004). That presumption can only be overcome by substantial evidence, *id.*, and Henson has cited no such evidence here.

In sum, Henson has not alleged anything that would demonstrate Day was constitutionally ineffective in her representation of Henson. As a consequence, § 2255 relief is not warranted in this case.

## V.    Conclusion

For the foregoing reasons, the Court **DENIES** Henson's motion for appointment of counsel (Doc. 4) and Henson's amended § 2255 motion (Doc. 13) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  June 6, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
